**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **AMIR MIRESKANDARI, LUXEYARD,** | § | |
| **INC., and LY RETAIL, LLC,** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | **Civil Action No.** |
| **v.** | § | |
| | § | |
| **KEVAN CASEY, JINSUN, LLC,** | § | |
| **TOMMY ALLEN, and THE JRG** | § | |
| **TRUST,** | § | |
| | § | |
| **Defendants.** | | |

## NOTICE OF REMOVAL

Defendants Kevan Casey ("Casey"), Jinsun LLC ("Jinsun"), Tommy Allen ("Allen"), and The JRG Trust ("JRG") give notice pursuant to 28 U.S.C. §§ 1441, 1446, and 1452 that they remove this action from the 151st Judicial District of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  In support of this removal, Defendants state the following:

### STATE COURT ACTION

1.      On or about May 2, 2018, Plaintiffs filed suit in the 151st Judicial District Court of Harris County, Texas.

2.      Jinsun and Casey received a copy of the petition in the state court action on May 18, 2018.  Allen and JRG received a copy of the petition in the state court action on May 16, 2018.  This Notice of Removal is timely filed within thirty (30) days thereof.  *See* 28 U.S.C. § 1446(b).

### REMOVAL PROCEDURE

3.      This action is properly removed to this Court, as the state court action is pending within this district and division.  28 U.S.C. §§ 1441(a), 1452(a).

4.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, this notice of removal is accompanied by the following:

     a.   All executed process in the case, attached as Exhibit A;

     b.   Pleadings asserting causes of action, attached as Exhibit B;

     c.   The docket sheet, attached as Exhibit C;

     d.   An index of matters being filed, attached as Exhibit D; and

     e.   A list of all counsel of record, including addresses, telephone numbers and parties represented, attached as Exhibit E.

In compliance with Local Rule 81, Defendants state that no orders have been signed by the state judge.

5.      Defendants will file a copy of this notice in the state court action pursuant to 28 U.S.C. § 1446(d).

### REMOVAL JURISDICTION

6.      Removal of this action is proper under 28 U.S.C. §§ 1334, 1441, and 1452.

7.      The Court has jurisdiction under Section 1334(a) because this action is a collateral attack on the filing of a bankruptcy petition.  *See* Petition, Ex. B, at ¶ 32 (alleging that "Casey and certain co-conspirators orchestrated a fraudulent bankruptcy proceeding against Luxeyard"); *id*. at ¶ 34 (alleging that "Casey organized creditors to file a second involuntary bankruptcy against LY Retail"); *id*. at ¶ 40 (alleging that a "third involuntary bankruptcy was initiated – again at the direction and control of Casey").  Actions that collaterally attack bankruptcy petitions are within the exclusive jurisdiction of the federal courts.  *Gonzales v. Parks*, 830 F.2d 1033, 1035 (9th Cir. 1987) ("Filings of bankruptcy petitions are a matter of exclusive federal jurisdiction."); *In re Miles*, 430 F.3d 1083, 1094 (9th Cir. 2005) ("all actions … that collaterally attack bankruptcy petitions are within the exclusive jurisdiction of the federal courts under 28 U.S.C. § 1334(a)….

It follows that there is original federal jurisdiction over the present case under § 1334(a) and removal jurisdiction under § 1441.)  (Berzon, J., concurring); *In re Trevino*, 535 B.R. 110, 142 (Bankr. S.D. Tex. 2015) ("State courts are not authorized to determine whether a person's claim for relief under a federal law, in a federal court, and within that court's exclusive jurisdiction, is an appropriate one.") (quoting *Gonzales*, 830 F.2d at 1035 (9th Cir. 1996)).  Removal of cases within the exclusive jurisdiction of the federal courts is proper under Section 1441.  *See Miles*, 430 F.3d at 1094; 28 U.S.C. § 1441(a).

8.     Additionally, the Court has jurisdiction under Section 1334 because Plaintiffs' claims attack the filing of an involuntary bankruptcy petition, which is a matter that is completely preempted by federal law.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."); *In re Miles*, 430 F.3d at 1092 ("we hold that 11 U.S.C. § 303(i) completely preempts state law tort actions for damages predicated upon the filing of an involuntary bankruptcy petition"); *In re McMillan*, 543 B.R. 808, 816 (Bankr. N.D. Tex. 2016) (referring to the *Miles* conclusion "that § 303(i) completely preempts state law tort causes of action for damages predicated upon the filing of an involuntary petition" as "sound logic"); *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910 (9th Cir. 1996) (holding that state malicious prosecution actions for events taking place within bankruptcy court proceedings are completely preempted); *Edge Petroleum Operating Co. v. Duke Energy Trading & Mktg., L.L.C.*, 312 B.R. 139, 146 (S.D. Tex. 2002) ("Congress has expressed its intent that bankruptcy matters be handled exclusively in a federal forum.") (citing 28 U.S.C. § 1334, *MSR Exploration*, 74 F.3d at 913).  Because Plaintiffs' state-

law claims are completely preempted by federal law, their claims "necessarily arise under title 11, and their claims are removable under 28 U.S.C. § 1452." *Miles*, 430 F.3d at 1088-89.

WHEREFORE, having provided notice as required by law, Defendants remove this case from the 151st Judicial District Court of Harris County, Texas to this court and Defendants pray that it be so removed.

Respectfully submitted,

/s/ Jason M. Hopkins
Jason M. Hopkins
   S.D. Tex. Bar No. 2108564
   Texas Bar No. 24059969
   Jason.Hopkins@DLAPiper.com
**DLA PIPER LLP**
1717 Main Street
Suite 4600
Dallas, Texas 75201
214-743-4546 – telephone
972-813-6267 – facsimile

**ATTORNEYS FOR DEFENDANTS
KEVAN CASEY, JINSUN, LLC, TOMMY
ALLEN, and THE JRG TRUST**

### CERTIFICATE OF SERVICE

I certify that I served the foregoing notice of removal on all counsel of record via email and certified mail, return receipt requested on June 11, 2018.

James Ardoin, Esq.
jardoin@joneswalker.com
Amy Anderson
aanderson@joneswalker.com
Jones Walker, LLP
811 Main Street, Suite 2900
Houston, Texas 77002

/s/ Jason M. Hopkins
Jason M. Hopkins