IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMIR MIRESKANDARI, LUXEYARD, INC. AND LY RETAIL, LLC | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-18-1904 |
| KEVAN CASEY, JINSUN, LLC, TOMMY ALLEN, AND THE JRG TRUST, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

On July 9, 2018, the plaintiffs, Amir Mireskandari, Luxeyard, Inc., and LY Retail, LLC, filed notice of the voluntary dismissal of this action, without prejudice, under Federal Rule of Civil Procedure 41(a)(1). (Docket Entry No. 7). The court dismissed the suit without prejudice. (Docket Entry No. 8). The defendants, Kevan Casey, Jinsun, LLC, Tommy Allen, and the JRG Trust, then moved to modify the dismissal, contending that the plaintiffs' notice of dismissal was a second adjudication on the merits under Rule 41(a)(1)(B), warranting dismissal with prejudice. (Docket Entry No. 9). Because the plaintiffs' notice of dismissal divested this court of jurisdiction, the motion to modify to dismiss with prejudice is denied.

This action is the most recent in a series of litigations and disputes involving these parties. *See Jinsun, LLC v. Alidad Mireskandari*, No. 13-1238, 2015 WL 5037150, at *1 (S.D. Tex. 2015) (alleging breach of contract and fraud); *Khaled Alattar v. Kay Holdings, Inc.*, No. 14-14-00792, 485 S.W.3d 113, 115 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (alleging fraud, breach of fiduciary duty, and conspiracy). In 2011, Mireskandari established Luxeyard as the sole owner of LY Retail, an online business selling luxury products. *In re Luxeyard, Inc.*, 556 B.R. 627, 633

(Bankr. D. Del. 2016). Later that year, Mireskandari engaged Casey, the managing director of a company called Far East Strategies, Inc. and the sole employee of Jinsun, an investment firm, to pursue capital for Luxeyard. *Id*. Casey advised Mireskandari that Luxeyard should merge with another entity and sell stock to raise funds. *Jinsun*, 2015 WL5037150, at *1. Luxeyard merged with Top Gear, a public company, in January 2012. *Id.; Alattar*, 485 S.W.3d at 115. The parties' disputes center on the merger and related transactions.

In August 2012, Mireskandari sued Casey, Jinsun, and others claiming that the merger was an unlawful "pump and dump" scheme and alleging fraud. *Jinsun*, 2015 WL5037150, at *3. Although that case settled in September 2012, Jinsun then sued Alidad Mireskandari, Amir Mireskandari's brother and his partner in Luxeyard, alleging breach of contract, fraud, and conversion. *Id*. at 4. Jinsun prevailed in a jury trial. *Jinsun, LLC v. Mireskandari*, No. 13-1238, 2016 WL 6885577, at *1 (S.D. Tex. 2016).

In August 2014, LY Retail, Luxeyard's subsidiary, sued Casey and another party in Texas state court. (Docket Entry No. 9-1). Shortly thereafter, LY Retail voluntarily nonsuited Casey, without prejudice. (Docket Entry No. 9-2).

In May 2018, Amir Mireskandari, Luxeyard, and LY Retail filed this suit against Casey, Jinsun, Allen, and the JRG Trust in Texas state court. (Docket Entry No. 1-2). The defendants removed. (Docket Entry No. 1). They did not answer. Instead, the defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 4). In July 2018, the plaintiffs filed their timely notice of voluntary dismissal, without prejudice. (Docket Entry No. 7). Based on that notice, this court dismissed the suit without prejudice. (Docket Entry No. 8).

The defendants have moved to modify the order of dismissal under Federal Rule of Civil Procedure 60, arguing that the "two-dismissal rule" in Federal Rule of Civil Procedure 41(a)(1)(B) requires an amended order dismissing the action with prejudice because the 2014 lawsuit and the 2018 lawsuit are identical. (Docket Entry No. 9, 11). The plaintiffs respond that the preclusive effect of Rule 41(a)(1)(B) does not attach and the "two-dismissal rule" does not apply, because the 2014 lawsuit and 2018 lawsuit concern different parties and different claims. (Docket Entry No. 10).

Rule 41(a)(1) governs a plaintiff's voluntary dismissal of a civil action. FED. R. CIV. P. 41(a)(1). *Rozelle v. Lowe*, No. 16-489, 2016 WL 7228768, at \*4 (W.D. Tex. 2016). The Rule provides:

> (a) Voluntary Dismissal.
>
>> (1) By the Plaintiff.
>>
>>> (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>>>
>>>> (i) a notice of a dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>>>
>>>> (ii) a stipulation of dismissal signed by all parties who have appeared.
>>>
>>> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

FED. R. CIV. P. 41(a).

Rule 41(a)(1)(B) provides that while a plaintiff may reinitiate a voluntarily dismissed action, a twice-dismissed suit is precluded if the same plaintiff filed an earlier action that was "based on or

3

includ[ed] the same claim[s]," and voluntarily dismissed that earlier action. FED. R. CIV. P. 41(a)(1)(B). The exception "was designed to curb abuses of [liberal] nonsuit rules." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990). A plaintiff has two voluntary dismissal bites at the apple, but not three.

A voluntary dismissal under Rule 41(a)(1) is "immediately self-effectuating." *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010); *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963) ("Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable."). The notice of dismissal "itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play." *McGhee*, 317 F.2d at 297. As a result, "in the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself." *Qureshi*, 600 F.3d at 525. Because the court lacks jurisdiction, it may not "rule at the defendant's request on whether the plaintiff's notice of dismissal in a second action is with prejudice or without prejudice." *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999); accord *Rozelle*, 2016 WL 7228768, at *6–7. "[W]hether the second voluntary dismissal is subject to the [two-dismissal rule] such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe . . . only in a third action, if and when one is filed." *Boeing*, 193 F.3d at 1076.[1]

---

[1] The Fifth Circuit's republished decision in *Olde v. Flores,* 683 F. App'x 288 (5th Cir. 2017) does not counsel a different result. Parties "moved to intervene after the district court had already entered a Rule 41(a)(1)(A)[(ii)] stipulated dismissal." *Id.* at 289. The panel found that the district court had jurisdiction to consider the motion because Fifth Circuit cases had "rejected the 'suggest[ion] that intervention is always improper after a case has been dismissed.'" *Id.*

This case is distinguishable. The plaintiffs filed their notice of dismissal under Rule 41(a)(1)(A)(i); they did not file a Rule 41(a)(1)(A)(ii) stipulated dismissal. Second, the plaintiffs here moved to modify the dismissal; no parties have moved to intervene. Fifth Circuit decisions have established an exception for intervention motions to the general rule that district courts are divested of jurisdiction when a Rule 41(a)(1) notice of dismissal is filed. *See Odle*, 683 F. App'x at 289; *Sommers v. Bank of America, N.A*, 835 F.3d 509,

The Supreme Court has held "that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell*, 496 U.S. at 395. Under "its inherent supervisory powers," a district court may rule on, among other things, sanctions, costs, and attorney's fees. *Qureshi*, 600 F.3d at 525. But because this action is no longer pending, this court may not rule on or "signify [the] court's assessment of the legal merits of the complaint." *Cooter & Gell*, 496 U.S. at 396.

The plaintiffs filed a notice of voluntary dismissal, without prejudice, under Rule 41(a)(1). (Docket Entry No. 7). Because the defendants had not answered or moved for summary judgment, filing the notice ended the action and "close[d] the file." *McGhee*, 317 F.2d at 297. The filing divested this court of jurisdiction to consider the merits, which granting the defendants' motion would require. *Querishi*, 600 F.3d at 525; *McGhee*, 317 F.2d at 297. If the plaintiffs sue on the same claims again, a court may rule that this dismissed action is a second adjudication on the merits and precludes the new case. This court cannot make that determination.

The motion to modify the order, (Docket Entry No. 9), must be denied.

SIGNED on August 21, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

---

513 (5th Cir. 2016); *see also Ford v. City of Huntsville*, 242 F.3d 235, 238-40 (5th Cir. 2001) (the district court had jurisdiction to consider a motion to intervene after the court entered a stipulated dismissal following settlement).